**Jason Martinez VARGAS,**
**Petitioner–Appellant,**

v.

**Cheryl PLILER, Respondent–Appellee.**

**No. 06–17208.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 11, 2009.

Filed June 26, 2009.

Jason Martinez Vargas, Corcoran, CA, pro se.

Paul E. O'Connor, Esq., Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: TROTT, McKEOWN and IKUTA, Circuit Judges.

**MEMORANDUM** *

Jason Martinez Vargas ("Vargas") appeals from the district court's denial of his

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

petition for habeas corpus filed pursuant to 18 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. Reviewing de novo, *see Shackleford v. Hubbard,* 234 F.3d 1072, 1077 (9th Cir.2000), we affirm in part, reverse in part, and remand for an evidentiary hearing.

Vargas argues that he was denied the effective assistance of counsel, in violation of the Sixth Amendment, as a result of his trial counsel's sleeping during a substantial portion of the trial. Vargas alleges facts that, if true, may amount to a violation of his right to the effective assistance of counsel. *See Strickland v. Washington,* 466 U.S. 668, 680–96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Cronic,* 466 U.S. 648, 659–60, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). Respondent Pliler asks us to assume that counsel was asleep—for how long or through what portion of the trial, we do not know—but to conclude nevertheless that Vargas suffered no prejudice. Such an assumption would force us to engage in a series of speculations to answer a serious question about an important constitutional right. We conclude that Vargas's claim cannot be resolved by reference to the state court record in this case. *See Schriro v. Landrigan,* 550 U.S. 465, 474, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). Nor should it be resolved in the manner the state proposes. We, therefore, remand to the district court to conduct an evidentiary hearing.

We affirm the district court's denial of Vargas's claims relating to his pretrial *Marsden* motions to dismiss his counsel. Concerning the state court's denial of Vargas's request for dismissal of his counsel and the assignment of alternate appointed counsel, Vargas "has cited no Supreme Court case ... that stands for the proposition that the Sixth Amendment is violated when a defendant is represented by a lawyer free of actual conflicts of interest, but with whom the defendant refuses to cooperate because of dislike or distrust." *Plumlee v. Masto,* 512 F.3d 1204, 1211 (9th Cir.2008) (en banc). Likewise, with respect to the state court's denial of Vargas's request for a continuance to hire private counsel to replace his appointed counsel, we look to the "broad discretion" the Supreme Court has directed us to afford "trial courts on matters of continuances." *Morris v. Slappy,* 461 U.S. 1, 11, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983). We conclude that the trial judge did not demonstrate "unreasoning and arbitrary insistence upon expeditiousness in the face of justifiable requests for delay" such that the trial court's denial was contrary to established Supreme Court law. *Id.* at 11–12, 103 S.Ct. 1610 (internal citation omitted).

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED**